**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **Strike 3 Holdings, LLC** | : | |
| | : | |
| **Plaintiff,** | : | **No. 3:22-cv-301-VLB** |
| | : | |
| **v.** | : | |
| | : | |
| **John Doe subscriber assigned IP** | : | |
| **address 67.85.12.176,** | : | |
| | : | |
| **Defendant(s).** | : | |

<u>**ORDER AND DECISION GRANTING [Dkt. 10] PLAINTIFF'S MOTION FOR LEAVE**</u>
<u>**TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**</u>

Before the Court is the Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference.  [Dkt. 10]  The underlying litigation involves the alleged copyright infringement by an unknown person utilizing a known Internet Protocol ("IP") address.  The Plaintiff claims it has been unable to ascertain the identity of the Defendant with the information it currently has.  The Plaintiff seeks a court order granting the Plaintiff leave to serve a third party subpoena on Optimum Online, the Internet Service Provider ("ISP") for the known IP address, prior to a Rule 26(f) conference.  The Plaintiff states that a subpoena that commands the ISP to provide the Plaintiff with the true name and address of the person assigned to the IP address is the only method available for the Plaintiff to learn the Defendant's identity.

The Plaintiff did not service its motion on the Defendant because it does not know the Defendant's identity or address. This motion is in sum and substance an *ex parte* motion.  Such motions require "particularly careful scrutiny" due to the

1

absence of the adversarial process.  *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).

After carefully reviewing the motion and the law, the Court grants the Plaintiff's motion.

I.      BACKGROUND

The following facts come from the Plaintiff's complaint, memorandum of law supporting the motion for leave, and supporting declarations.  The Court will accept these facts as true for the sole purpose of this decision.

The underlying complaint was brought by the Plaintiff, the owner of an adult motion company, claiming that the Defendant, an unknown John Doe utilizing an IP address 67.85.12.176, is stealing works copyrighted and owned by the Plaintiff on a "grand scale."  [Dkt. 1 (Compl.) at ¶¶ 2–4].  The Plaintiff utilized a third-party geolocation technology company that traced the IP address to a physical address in this District.  [*Id.* at ¶ 9]. The Plaintiff owns an infringement detection system that discovered that the Defendant used the BitTorrent file network to illegally download and distribute the Plaintiff's copyrighted materials.  [*Id.* at ¶¶ 28–29]. This software "captured transactions from [the] Defendant sharing specific pieces of 36 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that [the] Plaintiff owns."  [*Id.* at ¶ 37].  Attached to the complaint as exhibit A is a list of the works allegedly copied by IP Address 67.85.12.176, the site the materials were copied from, and the date and time of the alleged copying. [*Id.* at Ex. A].  The Plaintiff states that the copying was without authorization.  [*Id.* at ¶ 43].  The Plaintiff further states that it "owns the copyrights

to the Works and the Works have been registered with the United States Copyright Office."  [*Id.* at ¶ 45].

Attached to the Plaintiff's motion are three declarations.  The first is a declaration from David Williamson who is the Chief Technology Officer of the Plaintiff and is the Vice President of Technology for the Plaintiff's parent company. [Dkt. 9-2 (Williamson Dec.) at 2].    Mr. Williamson's declaration outlines the programs and processes employed by the Plaintiff in order to detect illegal pirating and to obtain the IP address of the suspected downloader.  [*Id.* at 7-14].  The second is a declaration from Patrick Paige, a computer forensic expert retained by the Plaintiff to individually analyze forensic expert captured by its infringement detection system.  [Dkt. 10-3 (Paige Dec.) at 1–2].  Mr. Paige only reviewed one of the 36 suspected downloaded information and found that the evidence shows that IP address 67.85.12.176 uploaded a piece or pieces of the file corresponding with that video's "hash value."[1] [*Id.* at 3].  Further, Mr. Paige stated that: "Based on my experience in similar cases, Defendant's ISP Optimum Online is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned to the IP address 67.85.12.176 during the time of the alleged infringement."  [*Id.* at 5].  The third declaration was from Susan Stalzer who watched the copyrighted materials and the alleged illegally downloaded materials

---

[1] Mr. Paige explained that "A hash value is an alpha-numeric value of a fixed length that uniquely identifies data. Hash values are not arbitrarily assigned to data merely for identification purposes, but rather are the product of a cryptographic algorithm applied to the data itself. As such, while two identical sets of data will produce the same cryptographic hash value, any change to the underlying data – no matter how small – will change the cryptographic hash value that correlates to it."  [*Id.* at 3-4].

and determined that the materials were identical, strikingly similar, or substantially similar.  [Dkt. 10-4 (Stalzer Dec.) at 2].

## II.    LEGAL STANDARD

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."  In determining whether to grant a party's expedited discovery request, courts in this circuit have applied a "flexible standard of reasonableness and good cause."  *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).

The Second Circuit in *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) adopted a five-part test for determining whether to grant a motion to quash to preserve the objecting party's anonymity.

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

District courts in this circuit have applied this five-part test in determining motions for expedited discovery to ascertain the identity of an unknown defendant.  *See UN4 Productions, Inc. v. Doe–173.68.177.95*, No. 1-cv-3278, 2017 WL 2589328 at *1 (E.D.N.Y. June 14, 2017) (collecting cases).

Rule 26(c) authorizes the court, upon a showing of "good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  The Court in *Digital Sin*, *sua sponte* issued a protective order out of concern that "many of the names and addresses produced

4

in response to [the] Plaintiff's discovery request will not in fact be those of the individuals who" infringed on the Plaintiff's copyright.  279 F.R.D. at 242.  The protective order in *Digital Sin* required, among other things, that the ISP provide notice to the subscriber and the order afforded the subscriber the opportunity to be heard before disclosure.  *Id*. at 244–45.  This notice and opportunity comports with cable operator disclosure laws; which provides that a "cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator."  47 U.S.C. § 551(c)(1).  This statute provides an exception, which authorizes disclosure if it is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."  § 551(c)(2)(B).

III.    ANALYSIS

Consistent with other courts in this circuit, the Court will address each of the five *Arista* factors in determining whether there is good cause to order justifying expedited discovery on the ISP in this case.

1.  The Correctness of the Plaintiff's Showing of a Prima Facie Claim of Actionable Harm

The first *Arista* factor requires consideration of the correctness of the Plaintiff's showing of a prima facie claim of actionable harm.  The only claim raised in the complaint is copyright infringement.  To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Arista Records, LLC v. Doe*

5

*3*, 604 F.3d 110, 117 (2d Cir. 2010).  This factor weighs in favor of the Plaintiff when the "complaint plainly sets out the copyrighted works at issue and provides comprehensive allegations regarding the manner by which the Defendant copied the various works, including the date and time of the infringement and the IP address and technology used to effect the copying."  *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, No. 1:16-CV-02462-AJN, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016).

Here, the Plaintiff's complaint plainly states that it owns a copyright on the materials that the Defendant is accused of downloading, copying, and distributing.  In addition, the complaint sufficiently provides comprehensive allegations regarding how the Plaintiff was able to determine the IP address that copied and distributed the copyrighted works, the date and time of the distribution, and the technology used to effect the copying and distribution.  The Plaintiff also provided a declaration of someone who viewed the Plaintiff's copyrighted works and compared it to the works distributed by the Defendant IP address and found them to be identical, strikingly similar, or substantially similar.  The Court finds that the first *Arista* factor weighs in favor of granting the Plaintiff's motion.

2.  **The Specificity of the Discovery Request**

The second *Arista* factor requires consideration of the specificity of the discovery request.  "[I]in order to show "good cause" for early discovery, the plaintiff must narrowly tailor and specify the information sought by the discovery request."  *Strike 3 Holdings, LLC v. Doe*, No. 3: 17-CV-1680 (CSH), 2017 WL 5001474, at *3 (D. Conn. Nov. 1, 2017).  Here, as outlined in the protective order

below, the information sought is to be limited to the identity of John Doe, specifically his or her name and address.  Other courts have found this to be highly specific in justifying expedited discovery.  *Id.* at *3 (collecting cases).  The Court finds that the second *Arista* factor weighs in favor of granting the Plaintiff's motion.

3. **The Absence of Alternative Means to Obtain the Subpoenaed Information**

The third *Arista* factor requires consideration of the absence of alternative means to obtain the subpoenaed information.  The Plaintiff provided a declaration from a computer forensic expert that plainly stated that the ISP is the "only entity that can correlate the IP address to its subscriber and identify the Defendant . . . ." [Dkt. 10-3 at 5].  Other courts have reached the same conclusion based on similar facts.  *See Strike 3 Holdings, LLC,* 2017 WL 5001474 at *4.  The Court finds that the third *Arista* factor weighs in favor of granting the Plaintiff's motion.

4. **The Need for the Subpoenaed Information to Advance the Claim**

The fourth *Arista* factor requires consideration of the need for the subpoenaed information to advance the claim.  Here, without the ability to subpoena Optimum Online, the Plaintiff would be unable to serve the Defendant, which would effectively terminate the litigation.  *Malibu Media,* 2016 WL 2894919, at *3; *Strike 3 Holdings, LLC*, 2017 WL 5001474 at *4.  Thus, this information is necessary to advance the claim.  The Court finds that the fourth *Arista* factor weighs in favor of granting the Plaintiff's motion.

5. **The Objecting Party's Expectation of Privacy**

The fifth and final *Arista* factor requires consideration of the objecting party's expectation of privacy.  In *Arista*, the subpoena had already been served

and a party had already objected.  604 F.3d at 113.  Though the procedural posture here is different, courts still analyze this factor by considering general privacy interest.  *See infra*.

In *Arista Records*, the Second Circuit held that an "expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement."  604 F.3d at 124.  This case is a bit different because the copyrighted material is pornography, a medium of entertainment that has historically been met with certain segments of society's disapproval and can lead some to feelings of embarrassment.  Some district courts have not afforded more weight to the privacy interest of the pornography infringer than that of the music or other medium infringer.  *Malibu Media,* 2016 WL 2894919, at *3.  Some district courts have made note of the heightened embarrassment but have still granted the motion for expedited discover with a carefully tailored protective order.  *Digital Sin*, 279 F.R.D. at 242; *Strike 3 Holdings, LLC*, 2017 WL 5001474 at *5.  The Court's protective order outlined below has been modeled after the protective order in *Digital Sin*, 276 F.R.D. at 244–45.  The Court finds that the limits set forth in the protective order protect the Defendant's expectation of privacy and the final *Arista* factor weighs in favor of granting the Plaintiff's motion.

Therefore, after considering all of the *Arista* factors, the Court finds that good cause exists in affording the Plaintiff the ability to subpoena the ISP prior to the Rule 26(f) conference.

IV.    CONCLUSION

IT IS HEREBY ORDERED that the Plaintiff may immediately serve a Rule 45 subpoena on the ISP, Optimum Online, to obtain information to identify John Doe, specifically her or his name and address. The subpoena shall have a copy of this order attached.

IT IS FURTHER ORDERED that the ISP will have *60 days* from the date of service of the Rule 45 subpoena upon them to serve Johns Doe with a copy of the subpoena and a copy of this order. The ISP may serve John Doe using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe shall have *60 days* from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISP may *not* turn over the John Doe's identifying information to the Plaintiff before the expiration of this 60–day period. Additionally, if the Defendant or ISP files a motion to quash the subpoena, the ISP may not turn over any information to the Plaintiff until the issues have been addressed and the Court issues an Order instructing the ISP to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60–day period lapses without John Doe or ISP contesting the subpoena, the ISP shall have *10 days* to produce the information responsive to the subpoena to the Plaintiff.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that the ISP that receives a subpoena pursuant to this order shall confer with the Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to the Plaintiff.

**IT IS FURTHER ORDERED** that the Plaintiff shall serve a copy of this Opinion and Order along with any subpoenas issued pursuant to this order to the listed ISP.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting the Plaintiff's rights as set forth in its complaint.

**IT IS SO ORDERED.**

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated this day in Hartford, Connecticut: March 10, 2022**